Okey, J.
The court properly instructed the jury that there could be no recovery on the issues as made, if the railroad company occupied the highway under an agreement with the commissioners. 54 Ohio L. 133. The jury must have found that there was no such agreement. We are not prepared to say that the court below erred in overruling a motion for a new trial, based on the ground that the finding was against the evidence. The rule on the subject is correctly stated in McGatrick v. Wason, 4 Ohio St. 566, 575. Nor does the fact that some of the commissioners saw the obstructions placed in the highway, but made no objection, afford any ground for saying that the plaintiffs were estopped.
The seventh section of the act of 1853, repealed and reenacted with changes (65 Ohio L. 35; 74 Ohio L. 134), seems not to provide for such a case. There is manifestly an error in the seventeenth section of the act of 1853, as originally enacted. Whether it occurred in the enrollment, I know not. We need not undertake the task of interpreting the enactment. This action is against a corporation for unlawfully placing an obstruction in a county road, and the rights of the parties must be determined under the seventeenth section of the original act, as amended in 1873.
The legislature, it has been said, can not create a liability for acts as to which there was no liability when they were committed. Const., art. 2, § 28; Little Miami R. R. *8 Co. v. Comm’rs Greene County, 31 Ohio St. 338; and see cases collected in 70 Ohio L., Appendix, 69. But “ a party has no vested right in a defense based upon an informality, not affecting his substantial rights.” Cooley’s Con. Lim. (4 ed.) 461. At least, it is perfectly clear that if a liability exists, the form of the remedy may be changed, or the existing provisions supplemented by other legislative enactments. Such an obstruction as that created in this case is, by the act of 1857 (54 Ohio L. 130), re-enacted in 1877 (74 Ohio L. 240), declared to be a nuisance, and the person erecting or maintaining it is liable to indictment, chargeable with the expense of removing it, and moreover liable to the suit of any person injured by such nuisance in his health, comfort, property, or the enjoyment of his estate. And see the act of 1868, 65 Ohio L. 21, § 29 ; lb., § 32.
It is clear, therefore, that for this obstruction there was, at the time it was created, a remedy provided by law; and we think the general assembly might well provide, as it did by the amendment of 1873, this new and additional remedy, and that the amended act applied to obstructions already created. Nor can the statute of limitations apply to such a case as this, for the reasons stated in the opinion in Little Miami R. R. Co. v. Comm’rs of Greene Co.
Considering further the construction which should be placed on this act, we hold that, as applied to the facts disclosed in this record, the measure of damages is the cost of removing the obstruction and restoring the highway to its former condition. "What the rule is in those exceptional cases, where such restoration would be almost, if not altogether, impossible, we need not determine. But it is clear in this case that evidence as to the value of the easement was improperly received; the charge to the jury was given on an erroneous basis as to the measure of damages; and the petition was not framed in strict accordance with a proper interpretation of the statute, though we do not hold that no cause of action is stated therein.
The obstruction was placed in the highway in 1866 and 1867. In November, 1868, the corporate limits of the city *9 of Youngstown were extended over a considerable portion of the road so obstructed, aud that part of the road became a street in the city. The court charged the jury that, as to this part of the highway, the plaintiffs might recover for damages sustained from the time the obstruction was placed in the road until such annexation was made, and evidence was received, against the defendant’s objection, to prove such damages. In this the court erred. True, it was held in Wells v. McLaughlin, Butman v. Fowler, 17 Ohio, 99, 101, that the county commissioners might lay out, within or through a municipal corporation, a public highway. We do not decide that that may not still he done. But the municipal code of 1869 (66 Ohio L. 222, § 439), re-enacted in 1878 (75 Ohio L. 388), provided that “the council shall have the care, supervision, and control of all public highways, bridges, streets, avenues, alleys, sidewalks, and public grounds within the corporation, and shall cause the same to be kept open and in repair and free from nuisance.” . And see 66 Ohio L. 149, §§ 8, 199. ' Under the act of 1873, the damages recovered must be appropriated by the commissioners in repairing the road or removing the obstruction ; but as control of highways in the corporation is confided to the corporate authorities, the commissioner could not apply such moneys within the corporate limits. Hence, if an action for damages, sustained by reason of such obstruction within the corporate limits of Youngstown, can be maintained, the action must be prosecuted by the city, and the recovery of the plaintiffs in this case must be confined to injury to the road outside of the city limits.
By the order of May 31, 1873, the cause is to stand as though commenced on that day. The order appears to have been made by consent of parties, and no attempt has been made to set it aside or impeach it. Full effect must be given to it, and we think such effect is given when we hold that by force of it this action must be regarded as one prosecuted under the act of March 7, 1873.
Other questions have been discussed, but we do not think it is important to make any report of them.
Judgment reversed, and cause remanded for a new trial.